# EXHIBIT A



MARY L. SWAIN                    CLERK OF COURTS

L000311544

**BAKEMARK U S A L L C**
**C/O STATUTORY AGENT REGISTERED AGENT SOLUTIONS INC**
**4568 MAYFIELD ROAD STE 204**
**CLEVELAND, OH 44121**

Date:    October 21, 2013                    Case No. : CV 2013 10 2863
                    BRIAN GREEN et al vs. BAKEMARK U S A L L C et al

### SUMMONS ON COMPLAINT BY CERTIFIED MAIL
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

    JOHN P HILGEMAN
    12 W MONUMENT AVE SUITE 100
    DAYTON, OH  45402

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: KATHY HERALD
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

MARY L. SWAIN  CLERK OF COURTS

L000311546

**STEVE WELTZIN**
**9401 LE SAINT DRIVE**
**FAIRFIELD, OH 45014**

Date: October 21, 2013      Case No. : CV 2013 10 2863
       BRIAN GREEN et al vs. BAKEMARK U S A L L C et al

### SUMMONS ON COMPLAINT BY CERTIFIED MAIL
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

> JOHN P HILGEMAN
> 12 W MONUMENT AVE SUITE 100
> DAYTON, OH 45402

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: KATHY HERALD
Deputy Clerk

 

MARY L. SWAIN                                    CLERK OF COURTS

L000311547

**MIKE WITZEL**
**N92 W 14401 ANTHONY AVENUE**
**MENOMONEE FALLS, WI 53051**

Date:   October 21, 2013                    Case No. : CV 2013 10 2863
                    BRIAN GREEN et al vs. BAKEMARK U S A L L C et al

### SUMMONS ON COMPLAINT BY CERTIFIED MAIL
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

        JOHN P HILGEMAN
        12 W MONUMENT AVE SUITE 100
        DAYTON, OH  45402

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: KATHY HERALD
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

RECEIVED OCT 24 2013

MARY L. SWAIN  CLERK OF COURTS

L000311548

**JUSTIN WATERS**
**7351 CRIDER AVENUE**
**PICO RIVERA, CA 90660**

Date:   October 21, 2013            Case No. : CV 2013 10 2863
                    BRIAN GREEN et al vs. BAKEMARK U S A L L C et al

### S U M M O N S   O N   C O M P L A I N T   B Y   C E R T I F I E D   M A I L
### C O U R T   O F   C O M M O N   P L E A S ,   B U T L E R   C O U N T Y ,   O H I O

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

> JOHN P HILGEMAN
> 12 W MONUMENT AVE SUITE 100
> DAYTON, OH  45402

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: KATHY HERALD
Deputy Clerk



**MARY L. SWAIN**                                        **CLERK OF COURTS**

L000311549

**KENNETH SPARKS**
**7351 CRIDER AVENUE**
**PICO RIVERA, CA 90660**

Date:   October 21, 2013                Case No. : CV 2013 10 2863
            BRIAN GREEN et al vs. BAKEMARK U S A L L C et al

S U M M O N S   O N   C O M P L A I N T   B Y   C E R T I F I E D   M A I L
C O U R T   O F   C O M M O N   P L E A S ,   B U T L E R   C O U N T Y ,   O H I O

To the above named party: You are hereby summoned to answer a complaint that has been filed against
you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is
attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of
record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of
the day of service. The answer must be filed with this court within three days after service on Plaintiff's
attorney.

The name and address of the plaintiff(s) attorney is as follows:

> JOHN P HILGEMAN
> 12 W MONUMENT AVE SUITE 100
> DAYTON, OH  45402

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in
the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: KATHY HERALD
Deputy Clerk

 

**MARY L.SWAIN**                          **CLERK OF COURTS**

L000311550

**ROSEMARIE GOMEZ**
**7351 CRIDER AVENUE**
**PICO RIVERA, CA 90660**

Date:   October 21, 2013                    Case No. : CV 2013 10 2863
           BRIAN GREEN et al vs. BAKEMARK U S A L L C et al

### SUMMONS ON COMPLAINT BY CERTIFIED MAIL
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

To the above named party: You are hereby summoned to answer a complaint that has been filed against
you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is
attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of
record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of
the day of service. The answer must be filed with this court within three days after service on Plaintiff's
attorney.

The name and address of the plaintiff(s) attorney is as follows:

        JOHN P HILGEMAN
        12 W MONUMENT AVE SUITE 100
        DAYTON, OH  45402

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in
the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: <u>KATHY HERALD</u>
Deputy Clerk



FILED BUTLER CO.
COURT OF COMMON PLEAS

OCT 1 6 2013

MARY L. SWAIN
CLERK OF COURTS

2013 10 2863

MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS

## IN THE COMMON PLEAS COURT OF BUTLER COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **BRIAN GREEN**<br>205 Fairfield Pike<br>Enon, Ohio 45323 | * | **CASE NO.** |
| | * | **JUDGE** |
| and | * | |
| **KATHRYN GREEN**<br>205 Fairfield Pike<br>Enon, Ohio 45323 | * | |
| | * | |
| Plaintiffs, | * | **COMPLAINT FOR DAMAGES** |
| vs. | * | |
| **BAKEMARK USA LLC**<br>c/o Statutory Agent<br>Registered Agent Solutions, Inc.<br>4568 Mayfield Road, Ste. 204<br>Cleveland, OH 44121 | * | |
| and | * | |
| **CSM WORLDWIDE NV**<br>1901 Montreal Road<br>Tucker, Georgia 30084 | * | |
| and | * | |
| **STEVE WELTZIN**<br>9401 Le Saint Drive<br>Fairfield, Ohio 45014 | * | |
| and | * | |
| **MIKE WITZEL**<br>N92 W14401 Anthony Avenue<br>Menomonee Falls, Wisconsin 53051 | * | |

|                                                    |     |
|----------------------------------------------------|-----|
| and                                                | *   |
| **JUSTIN WATERS**<br>7351 Crider Avenue<br>Pico Rivera, CA 90660 | *   |
|                                                    | *   |
| and                                                | *   |
| **KENNETH SPARKS**<br>7351 Crider Avenue<br>Pico Rivera, CA 90660 | *   |
|                                                    | *   |
| and                                                | *   |
| **ROSEMARIE GOMEZ**<br>7351 Crider Avenue<br>Pico Rivera, CA 90660 | *   |
|                                                    | *   |
| Defendants.                                        | *   |

Now come Plaintiffs, Brian Green and Kathryn Green, by and through counsel, and for their causes of action, allege as follows:

## JURISDICTION AND VENUE

1. At all times relevant to the allegations herein, Plaintiff, Brian Green (hereinafter Mr. Green), was a resident of Clark County, and the State of Ohio.

2. At all times relevant to the allegations herein, Plaintiff, Kathryn Green, spouse of Mr. Green, was a resident of Clark County, and State of Ohio.

3. Upon information and belief, and at all times material to this action, Defendant, BAKEMARK USA LLC, (hereinafter "BAKEMARK"), is a Delaware Limited Liability Company, with its principal office located at 7351 Crider Avenue, Pico Rivera, California 90660, and does business in the State of Ohio.

4. Upon information and belief, and at all times material to this action, Defendant, CSM WORLDWIDE NV (hereinafter "CSM"), is a public limited liability company

established under the laws of The Netherlands. The registered and principal office of Defendant CSM is located at P.O. Box 349, 1000 AH Amsterdam, Nienoord 13, 1112 XE Diemen, The Netherlands.

5.      Upon information and belief, Defendant CSM, through its wholly owned subsidiaries, is a major provider of food products and services in North America, and at all times material to this action, owned, operated, managed, controlled and/or provided food products and services, including those provided by BAKEMARK.

6.      The causes of action made the basis of this suit arise out of such business conducted by said Defendant CSM in the ownership, operation, management, control and/or services provided by BAKEMARK during the employment of Mr. Green.

7.      Upon information and belief, Defendant CSM is without a registered agent for service of process within the State of Ohio, and has offices located at 1901 Montreal Road, Suite 112, Tucker, Georgia 30084.

8.      Upon information and belief, and at all times material to this action, Defendant, BAKEMARK, has offices located at 9401 Le Sain Drive, Fairfield, OH 45014 (hereinafter "Fairfield Branch").

9.      Upon information and belief, and at all times material to this action, Defendant, Kenneth Sparks, (hereinafter "Sparks"), was employed as the Vice President of Human Resources at BAKEMARK, with his primary office located at 7351 Crider Avenue, Pico Rivera, California 90660.

10.     Upon information and belief, and at all times material to this action, Defendant, Steve Weltzin, (hereinafter "Weltzin"), was employed as the General Manager of the Fairfield Branch of BAKEMARK, located at 9401 Le Saint Drive, Fairfield, OH 45014.

11.     Upon information and belief, and at all times material to this action, Defendant, Mike Witzel (hereinafter "Witzel"), was employed as the Regional Operations Manager of BAKEMARK, with his primary office located at N92 W14401 Anthony Avenue, Menomonee Falls, Wisconsin 53051.

12.     Upon information and belief, and at all times material to this action, Defendant, Justin Waters (hereinafter "Waters"), was employed as the Corporate Workers' Compensation Administrator of BAKEMARK, with his primary office located at 7351 Crider Avenue, Pico Rivera, California 90660.

13.     Upon information and belief, at all times material to this action, Defendant, Rosemarie Gomez (hereinafter "Gomez"), was employed as the Human Resource Director of BAKEMARK, with her primary office located at 7351 Crider Avenue, Pico Rivera, California 90660.

14.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes Defendants: Bakemark USA LLC; CSM Worldwide NV; Kenneth Sparks; Steve Weltzin; Mike Witzel; Justin Waters; and Rosemarie Gomez.

## FACTS

15.     The allegations set forth above are incorporated herein by reference.

16.     On or about October 25, 2010, Mr. Green was hired by BAKEMARK to work in the capacity of Operations Manager for the Fairfield Branch of BAKEMARK.

17.     On or about August 15, 2011, Mr. Green was diagnosed with cancer of the thyroid.

18.     On or about August 31, 2011, Mr. Green announced his diagnosis of thyroid cancer and need for immediate and necessary surgery during a management meeting.

19.     Subsequent to the management meeting, Mr. Green was approached in private by Defendant Weltzin and BAKEMARK employee Laura Nesi, and asked to postpone his necessary cancer surgery until after the first of the year when BAKEMARK was not so busy.

17.     On or about September of 2011, Mr. Green informed Defendant Weltzin that he could not postpone his cancer surgery after consultation with his treating physician, whereupon Defendant Weltzin began extreme harassment and discrimination against Mr. Green.

18.     On or about September 22, 2011, Mr. Green underwent surgery to remove his thyroid cancer, and at the same time, additional extensive surgery was required to remove cancer which had spread to his lymph nodes.

19.     Mr. Green was on medical leave to recover from cancer surgery from September 22, 2011, until October 17, 2011, at which time he returned to work at BAKEMARK.

20.     On or about October 17, 2011, upon his immediate return to BAKEMARK, Defendant Weltzin issued a disciplinary warning to Mr. Green which cited misconduct "over the previous 9 months" and "immediate need for improvements in operations," and continued extreme harassment and discrimination against Mr. Green.

21.     Mr. Green had never been reprimanded, warned or disciplined at BAKEMARK prior to his disclosure to the company of his thyroid cancer and necessary medical leave.

22.     On or about October 17, 2011, attached to said disciplinary warning, Defendant Weltzin provided an action list of tasks to be completed on or before October 24, 2011, of which, many, if not all tasks were impossible to complete within said time period.

23.     On or about early November of 2011, despite the extensive action list of tasks to be completed, Defendant Weltzin assigned Mr. Green to handle all payroll duties for the Fairfield Branch while the facility office manager was on leave.

24.     Defendant Weltzin continued to assign work to Mr. Green for immediate completion despite the impossible workload already assigned to Mr. Green.

25.     On or about November 21, 2011, Mr. Green informed Defendant Gomez that Defendant Weltzin was retaliating against him and requested her assistance to stop the retaliation, whereupon Defendant Gomez ignored Mr. Green's request.

26.     Despite Mr. Green's request for assistance to stop the retaliation, Mr. Green was forced to work fourteen (14) to twenty (20) hour days by Defendant Weltzin.

27.     On or about October 25, 2011, October 31, 2011, and November 9, 2011, Mr. Green informed Defendant Weltzin that his recovery from cancer surgery had regressed due to the work environment created by Defendant Weltzin.

28.     On or about this same time, Defendant Weltzin began to make mocking gestures towards Mr. Green on a regular basis.

29.     On or about this same time, Defendant Weltzin forced Mr. Green to work eighteen (18) to twenty-two (22) hour days to complete the assigned duties.

30.     On or about November 25, 2011, Mr. Green suffered adverse health issues in light of his cancer recovery and the extreme working conditions imposed on him by Defendant Weltzin.

31.     On or about November 25, 2011, Mr. Green's treating physician put him on medical leave until January 2, 2012, due to Mr. Green's declining health and medically necessary therapies.

32.    On or about January 5, 2012, Mr. Green's treating physician ordered that he remain off work for an additional month to rebuild his health.

33.    On or about January 6, 2012, Mr. Green provided Defendant Waters with an email which explained his need for an additional month off work and attached a physician note supporting same.

34.    On or about February 16, 2012, Mr. Green's physician released him to work, but required Mr. Green be provided work accommodations, to wit: one-half (1/2) days for one (1) month before resuming regular work hours to enable Mr. Green to rebuild his strength.

35.    On or about February 20, 2012, Mr. Green returned to work under physician recommended accommodations, but Mr. Green's desk had been emptied and his personal possessions thrown in the trash, including but not limited to: pictures of Mr. Green's family; past employment awards; posters and mementos; an obituary of Mr. Green's grandmother; a camera; personal computer keyboard; and personal coffee maker.

36.    On or about February 20, 2012, Defendant Weltzin informed Mr. Green that his accommodation was denied and he should go home.

37.    On or about February 29, 2012, Mr. Green received a letter from Defendant Waters dated February 24, 2012, denying his accommodation request and extending Mr. Green's leave of absence an additional thirty (30) days.

38.    On or about March 14, 2012, Mr. Green's physician released him back to work with accommodations, to wit: eight (8) hours each day for five (5) days each week.

39.    On or about March 20, 2012, Defendant Weltzin requested that Mr. Green report to work.

40.     On or about March 21, 2012, Defendant Waters notified Mr. Green that he would be given until March 30, 2012, to submit a medical release to work without restrictions.

41.     On or about March 26, 2012, Mr. Green returned to work, but Defendant Weltzin continued to assign Mr. Green impossible work activities and deadlines.

42.     Mr. Green requested additional support to accomplish his impossible assignments, but Defendant Weltzin denied all requests.

42.     On or about March 26, 2012, Defendant Weltzin forced Mr. Green to work twenty-four (24) hour work shifts.

43.     On or about March 26, 2012, Mr. Green telephoned Defendant Gomez to advise that Defendant Weltzin continued to retaliate against him, whereupon Defendant Gomez did nothing to stop the retaliation.

44.     On or about that same time, BAKEMARK employee Laura Nesi overheard Mr. Green's telephone call to Gomez reporting said retaliation and informed Defendant Weltzin as to same, whereupon Defendant Weltzin became angry and told Mr. Green that corporate human resources did "not need to know everything that is going on here."

45.     On or about April 3, 2012, Mr. Green contacted Gomez and advised her as to Defendant Weltzin's conduct, whereupon Defendant Gomez advised Mr. Green that she would speak to Defendant Weltzin about BAKEMARK's non-harassment policy, and Defendant Gomez also included Defendant Weltzin and Mr. Green on a joint e-mail which addressed BAKEMARK's "open door policy."

46.     On or about April 3, 2012, Defendant Weltzin became furious with Mr. Green and continued to retaliate against him.

47. On or about May 2, 2012, after Mr. Green had recently completed multiple twenty-four (24) work shifts, Mr. Green collapsed due to exhaustion.

48. On or about May 3, 2012, Kathryn Green, the spouse of Mr. Green, called Defendant Weltzin and advised that Mr. Green was unable to attend work due to his physical condition, to which Defendant Weltzin sent Mr. Green an e-mail requesting his return to work date.

49. On or about May 6, 2012, Mr. Green again submitted a physician request for accommodations.

50. On or about May 30, 2012 Mr. Green requested Defendant Sparks elaborate on the expectations and requirements of Mr. Green's work position, to which Defendant Sparks responded, "[H]ours necessary to get the job done in a safe and productive manner."

51. On or about May 30, 2012, BAKEMARK indicated to Mr. Green that job expectations require approximately fifty (50) to sixty (60) hour work weeks, and Mr. Green's previous hours were an "anomaly."

52. On or about May of 2012, Mr. Green filed a Complaint with the United States Equal Employment Opportunity Commission.

53. On June 25, 2012, Mr. Green submitted another physician request for accommodations to BAKEMARK, which was denied.

54. On September 20, 2013, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue (attached hereto as Plaintiff's Exhibit 1).

55. BAKEMARK has refused to honor Mr. Green's work accommodation requests to date, and Mr. Green has not returned to work.

**FIRST CAUSE OF ACTION - DISABILITY AND HANDICAP DISCRIMINATION IN VIOLATION OF O.R.C. §§4112.02 AND 4112.99**

56.    The allegations set forth above are incorporated herein by reference.

57.    Plaintiff, Brian Green, at all times relevant hereto, suffered from a disability and was handicapped, as defined by Ohio Revised Code §4112.01(A)(13).

58.    Defendants, in violation of Ohio Revised Code §§4112 and 4112.99, discriminated against Mr. Green because of his record of physical or mental impairment that substantially limited one or more major life activities.

59.    Mr. Green has a record of having a physical or mental impairment that substantially limited one or more major life activities.

60.    Mr. Green, upon reasonable accommodation by Defendants, could have performed the essential functions of Operations Manager.

61.    Defendants refusal to allow Mr. Green to return to employment was motivated by Mr. Green's disability and/or handicap.

62.    As a result, Defendants took adverse employment actions against Mr. Green with respect to the tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

## SECOND CAUSE OF ACTION – COMMON LAW DISABILITY AND HANDICAP DISCRIMINATION

63.    The allegations set forth above are incorporated herein by reference.

64.    Plaintiff, at all times relevant hereto, suffered from a disability and was handicapped.

65.    Mr. Green was able to safely and substantially perform the functions of his job as Operations Manager.

66.     As a result, Defendants took adverse employment actions against Mr. Green with respect to the tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

## THIRD CAUSE OF ACTION – RETALIATION IN VIOLATION OF O.R.C. §4112.02

67.     The allegations set forth above are incorporated herein by reference.

68.     Plaintiff, Brian Green, engaged in a protected activity and Defendants had knowledge of said protected activity and engaged in retaliatory conduct.

69.     As a result, Mr. Green suffered adverse employment actions with respect to the tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

## FOURTH CAUSE OF ACTION – COMMON LAW RETALIATION BASED ON PUBLIC POLICY

70.     The allegations set forth above are incorporated herein by reference.

71.     A clear public policy existed and was manifested in state and/or federal constitution, statute or administrative regulation at all relevant times hereto.

72.     Disciplining and/or dismissing Mr. Green under the circumstances at hand would jeopardize the established public policy.

73.     Mr. Green's dismissal and/or discipline were motivated by conduct related to the public policy.

74.     Defendants lacked overriding legitimate business justification for Mr. Green's dismissal and/or discipline.

75.    As a result, Mr. Green suffered adverse employment actions with respect to the tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

## FIFTH CAUSE OF ACTION – NEGLIGENT RETENTION AND SUPERVISION

76.    The allegations set forth above are incorporated herein by reference.

77.    Defendants, including Defendant Weltzin, the supervisor and direct report of Mr. Green, intentionally harassed and retaliated against Mr. Green on the basis of Mr. Green's disability and request for accommodations.

78.    Defendants, BAKEMARK employees and/or representatives, including Defendant Weltzin and his superiors, were provided notice of the harassment and retaliation against Mr. Green, failed to take any corrective action and encouraged said harassment and retaliation against Mr. Green.

79.    As a result, Mr. Green suffered adverse employment actions with respect to the tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment, as well as emotional and physical injuries.

## SIXTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

80.    The allegations set forth above are incorporated herein by reference.

81.    Defendants intended to cause emotional distress, or knew or should have known that the actions taken by Defendants would result in serious emotional distress to Mr. Green.

82.    Defendants' conduct was extreme and outrageous.

83.    Defendants' actions were the proximate cause of Mr. Green's serious psychological and mental anguish and/or injuries.

84.    As a result, Mr. Green suffered adverse employment actions with respect to the tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

### SEVENTH CAUSE OF ACTION – HOSTILE WORK ENVIRONMENT

85.    The allegations set forth above are incorporated herein by reference.

86.    Plaintiff, Brian Green, at all times relevant hereto, suffered from a disability and handicap, and/or suffered from a perceived disability and handicap.

87.    The harassment by Defendants was unwelcome and based on Mr. Green's disability and handicap and/or perceived disability and handicap.

88.    The conduct of Defendants was severe and pervasive.

89.    As a result, Mr. Green suffered adverse employment actions with respect to the tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

### EIGHTH CAUSE OF ACTION – CONSTRUCTIVE DISCHARGE

90.    The allegations set forth above are incorporated herein by reference.

91.    The conduct by Defendants based on Mr. Green's disability and handicap and/or perceived disability and handicap created an intolerable work environment which would compel a reasonable person to resign from his position.

92.    As a result, Mr. Green suffered adverse employment actions with respect to the tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment, and was forced resign his position.

### NINTH CAUSE OF ACTION – VIOLATION OF 29 U.S.C.S. §2601 et seq. – FAMILY AND MEDICAL LEAVE ACT

93.    The allegations set forth above are incorporated herein by reference.

94.     At all times relevant hereto, Mr. Green was an employee of BAKEMARK, which was a covered employer under 29 U.S.C.S. §2601 et seq., the Family and Medical Leave Act.

95.     Defendants and BAKEMARK, in violation of 29 U.S.C.S. §2601 et seq., interfered with, restrained, and/or denied the exercise of the Family and Medical Leave Act rights by Mr. Green.

96.     As a result, Defendants and BAKEMARK took adverse employment actions against Mr. Green with respect to the tenure, terms, conditions, or privileges of employment, and/or any matter directly or indirectly related to employment.

## TENTH CAUSE OF ACTION – VIOLATION OF 42 U.S.C.S. §12101 et seq. – AMERICANS WITH DISABILITIES ACT (ADA)

97.     Plaintiff, Brian Green, at all times relevant hereto, suffered from a disability and was handicapped, as defined by 42 U.S.C.S. §12101(2).

98.     Defendants, in violation of 42 U.S.C.S. §12101 et seq. discriminated against Mr. Green because of his record of physical or mental impairment that substantially limited one or more major life activities.

99.     Mr. Green has a record of having a physical or mental impairment that substantially limited one or more major life activities.

100.    Mr. Green, upon reasonable accommodation by Defendants, could have performed the essential functions of Operations Manager.

101.    Defendants refusal to allow Mr. Green to return to employment was motivated by Mr. Green's disability and/or handicap.

102.   As a result, Defendants took adverse employment actions against Mr. Green with respect to the tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

## ELEVENTH CAUSE OF ACTION – LOSS OF CONSORTIUM

103.   The allegations set forth above are incorporated herein by reference.

104.   As the proximate result of the negligence and intentional acts of Defendants, Plaintiff, Kathryn Green, sustained the loss of the services, companionship, love, affection, comforts, consortium and joys of her spouse, Brian Green.

## TWELFTH CAUSE OF ACTION – PUNITIVE DAMAGES

105.   The allegations set forth above are incorporated herein by reference.

106.   At all times relevant hereto, Defendants' actions constituted intentional, reckless, malicious, wanton, willful, and gross acts of conduct.

107.   As a result of the intentional, reckless, malicious, wanton, willful, and gross acts of conduct by Defendants, Mr. Green suffered adverse employment actions with respect to the tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

WHEREFORE, Plaintiffs, Brian Green and Kathryn Green, demand the following relief against Defendants Bakemark USA, LLC, Defendant, CSM Worldwide NV, Kenneth Sparks, Steve Weltzin, Mike Witzel, Justin Waters, and Rosemarie Gomez, jointly and severally:

A.  Defendants' conduct constituted disability and handicap discrimination in violation of Ohio Revised Code §§ 4112.02(A) and 4112.99, and Ohio public policy;

B.  Plaintiff's termination was retaliation in violation of Ohio Revised Code §§ 4112.02(A) and 4112.99, and Ohio public policy;

C.  Defendants' conduct constituted negligent retention and supervision;

D.  Defendants' conduct constituted intentional infliction of emotional distress;

E.  Defendants' conduct constituted a hostile work environment;

F.  Defendants' conduct constituted constructive discharge;

G.  Defendants' conduct constituted violation of 29 U.S.C.S. §2601 et seq., the Family and Medical Leave Act.

H.  Defendants' conduct constituted violation of 42 U.S.C.S. §12101 et seq., the Americans with Disabilities Act.

I.  Defendants' conduct caused Plaintiff, Kathryn Green, to lose the services, companionship, love, affection, comforts, consortium and joys of her spouse, Brian Green.

J.  Defendants' conduct constituted an award of punitive damages to Plaintiffs.

G.  An award of compensatory damages in an amount not less than Twenty-Five Thousand and 00/100 Dollars ($25,000.00) for violations set forth above and in paragraphs A, B, C, D, E, F G., H, I and J of Plaintiffs' Complaint;

H.  An award of punitive damages in an amount to be determined at trial, but not less than Five Thousand and 00/100 Dollars ($25,000.00);

I.      An award of attorney's fees and costs of this litigation; and

J.      Any and all other relief this Court deems just and appropriate.


                              Respectfully submitted,

                              HORENSTEIN, NICHOLSON
                              & BLUMENTHAL

                              Jack R. Hilgeman
                              #0086863
                              Attorney for Plaintiffs
                              Horenstein, Nicholson & Blumenthal LPA
                              124 E. Third St., Fifth Floor
                              Dayton, Ohio 45402
                              Tel. (937) 224-7200
                              jhilgeman@hnb-law.com
                              Fax (937) 224-3353


                              Respectfully submitted,

                              COWAN & HILGEMAN

                              John P. Hilgeman
                              #0011691
                              Attorney for Plaintiffs
                              COWAN & HILGEMAN
                              12 W. Monument Ave., Suite 100
                              Dayton, Ohio 45402
                              Tel. (937) 222-2030
                              jphilgeman@yahoo.com
                              Fax (937) 224-7182



EEOC Form 161 (11/09)

**PLAINTIFF'S EXHIBIT**
1

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Brian Green
205 Fairfield Pike
Enon, OH 45323

From: Cincinnati Area Office
John W. Peck Fed. Bldg
550 Main St Room 10-019
Cincinnati, OH 45202

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 473-2013-00174 | Tonya M. Davis, Investigator | (513) 684-6445 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Thelma Javey_

Wilma L. Javey,
Director

AUG 2 8 2013
(Date Mailed)

Enclosures(s)

cc:
Kenneth Sparks
VP HR
BAKE MARK
7351 Crider Ave.
Pico Rivera, CA 90660

Jack R. Hilgeman
HORENSTEIN, NICHOLSON & BLUMENTHAL, LPA
124 East Third Street, 5th Floor
Dayton, OH 45402