UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRIAN GREEN, *et al.*, | : | Case No. 1:13-cv-841 |
|     Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| BAKEMARK USA, LLC, *et al.*, | : | |
|     Defendants. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO STRIKE (Doc. 96)**

This civil action is before the Court on Plaintiff Brian Green's motion to strike the affidavits of Mark Phillips, Chris Kapuska, and Steve Weltzin (Doc. 96), and the parties' responsive memoranda (Docs. 97, 98).

## I.  BACKGROUND

On August 31, 2015, Defendants filed a reply memorandum in support of their motion for summary judgment.  (Doc. 93).  In support of their memorandum, Defendants also filed affidavits from Mark Phillips (Doc. 93-2), Chris Kapuska (Doc. 93-3), and Steve Weltzin (Doc. 93-4).  Plaintiff moves to strike these affidavits on various grounds, which the Court addresses in turn.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that, upon motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   Striking an affidavit, or a portion of it, rests in the sound discretion of the trial court.  *Aerel S.R.L. v. PCC Airfoils, LLC*, 448 F.3d 899, 906

(6th Cir. 2006).

## III. ANALYSIS

### A. Timing of the Affidavits

Plaintiff argues that the affidavits at issue should be stricken because they were not filed with Defendants' motion for summary judgment.[1] Plaintiff also argues that Defendants have not shown good cause for waiting to file the affidavits until they filed their reply memorandum.

Local Rule 7.2(d) explicitly contemplates the filing of affidavits with reply memoranda. It states:

> When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence. <u>Evidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition</u> . . .

S.D. Ohio Civ. R. 7.2(d) (emphasis added); *see also Goebelbecker v. Platipak Packaging, Inc.*, No. 1:06CV576, 2007 WL 4287854, at *5 (N.D. Ohio Dec. 5, 2007) (finding that a district court may decline to strike affidavits attached to a reply memorandum when they simply respond to statements made in opposition to the motion and do not present evidence regarding a new matter).

Defendants maintain that they filed the affidavits at issue for the limited purpose of responding to matters raised by Plaintiff in his memorandum in opposition. For

---

[1] Federal Rule of Civil Procedure 6(c)(2) provides that "any affidavit supporting a motion must be served with that motion." However, the Rule is silent with respect to affidavits offered in support of a reply memorandum.

2

example, the affidavits are responsive to specific contentions made by Plaintiff regarding his job performance. The affidavits of Mark Phillips (Defendant BakeMark's former director of operations) and Steve Weltzin (general manager of Defendant BakeMark's Fairfield, Ohio facility) are offered to show that Plaintiff's performance plan was developed as the result of an outside audit, which was unrelated to Plaintiff's leave of absence. Similarly, the affidavits of Phillips and Chris Kapuska (Defendant BakeMark's regional operations manager) are offered in response to Plaintiff's assertion that his role was not covered during his leave of absence. For these reasons, the Court declines to strike the affidavits as late-filed.

The Sixth Circuit has advised that where the moving party submits, in its reply brief, new reasons and evidence in support of its motion for summary judgment, a district court should allow the nonmoving party an opportunity to respond, particularly where the district court relies on the new evidentiary submissions. *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003). Here, Plaintiff neither seeks leave to file a sur-reply, nor suggests that he has additional evidence to offer in response to these affidavits.[2]

---

[2] Plaintiff states that he has "no interest in prolonging matters by requesting leave to file a sur-reply to combat BakeMark's new evidence." (Doc. 98 at 2). Yet, and as required, the Court will construe all facts and inferences in the light most favorable to Plaintiff—the nonmovant—when considering Defendants' motion for summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

3

### B. Affidavit of Chris Kapuska

Plaintiff argues that Chris Kapuska's affidavit should be stricken because Defendants did not notify Plaintiff in any pretrial disclosure that Kapuska might serve as a potential witness, and, instead, waited to file Kapuska's affidavit until after the discovery deadline, and Plaintiff's opportunity to respond to the motion for summary judgment, had passed.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In response, Defendants argue that Plaintiff should have been on notice that Kapuska was a witness because Plaintiff had personal knowledge of Kapuska's involvement and because Plaintiff, in his own deposition, identified Kapuska during as one of the managers who came to the facility in his absence.[3] However, the mention of a person in a deposition, or the presence of that person's name in documents, does not relieve a party of its duty to comply with Rule 26. *See Medpace, Inc. v. Biothera, Inc.*, 2013 WL 6158181, at *2 (S.D. Ohio Nov. 25, 2013). The fact that Plaintiff was generally aware that Kapuska visited the BakeMark facility during Plaintiff's leave of absence does not mean Plaintiff was aware BakeMark intended to use Kapuska as a witness.

---

[3] Defendants also note that Plaintiff had ample opportunity to request depositions of any individuals he identified in his own deposition.

4

The rule against affidavits filed without notice is "not merely a procedural rule, it is enforced for good reasons, among them that notice of possible witnesses is consistent with full and fair disclosure, and disclosure allows opposing parties the opportunity to, or at least the option, to conduct its own deposition or other investigation of the potential witness' statement." *Quintanilla v. AK Tube, LLC*, 477 F. Supp. 2d 828, 836 (N.D. Ohio 2007).  Because Kapuska was not disclosed as a potential witness prior to the filing Defendants' reply memorandum, the Court strikes Chris Kapuska's affidavit (Doc. 93-3).

### C.  Affidavit of Steve Weltzin

Plaintiff moves to strike the affidavit of Steve Weltzin on the ground that it contradicts his deposition testimony.

 "A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts [his] earlier deposition testimony." *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986).  When faced with a request to strike a post-deposition affidavit, this Court "must first determine whether the affidavit *directly contradicts* the nonmoving party's prior sworn testimony." *Aerel, S.R.L*, 448 F.3d at 908 (emphasis added).  If such a contradiction is found, this Court must strike the affidavit unless the party offering the affidavit "provides a persuasive justification for the contradiction." *Id.*

First, Plaintiff argues that Weltzin's affidavit conflicts with his prior deposition testimony regarding whether the ability to work more than 40 hours per week is an essential function of the operations manager position.  In his deposition, Weltzin testified as follows:

5

> Q: Was it your understanding that an essential job duty for Mr. Green in his capacity as operations supervisor was the ability to work more than eight hours a day, five days a week?
>
> A: No, that was not an essential job duty. It did happen, but it was not an essential job duty.

(Doc. 73 at 134). In his affidavit, Weltzin states: "With regard to work hours, I expected Operations Managers to work whatever hours were necessary to get the job done, which often required in excess of 8 hours a day, 5 hours a week." (Doc. 93-4 at ¶ 10). Thus, in his deposition, Weltzin testified that Plaintiff worked more than eight hours a day, five hours a week (at least on occasion), and in his affidavit, Weltzin further expanded on his expectations for operation managers. The Court does not find these statements to be directly contradictory.

Second, Plaintiff argues that Weltzin's affidavit conflicts with his prior deposition testimony regarding whether Plaintiff was disciplined as a result of poor performance, or as a result of any leave of absence he took in connection with his disability. Plaintiff claims that, in his deposition, Weltzin (1) could not recall any details about an audit; (2) could not recall that he had disciplined Plaintiff in connection with an audit; and (3) testified that he did not have any independent authority to discipline Plaintiff. (Doc. 73 at 56–62). In his affidavit, Weltzin states that he decided to discipline Plaintiff on account of an audit and that "the disciplinary counseling had nothing to do with Green's leave of absence." (Doc. 93-4).

Here, a review of Weltzin's specific deposition testimony is helpful. Therein, Weltzin testified as follows:

6

> Q: Did you ever tell Mr. Green either in writing or otherwise that his job performance was unacceptable?
>
> A: I would—I would communicate areas of opportunity where the performance of his team was not acceptable.
> …
> Q: Let me—just in terms of your general responsibilities and line of authority at this facility, did you have the power to discipline—the authority to discipline employees who reported to you?
>
> A: It had to be reviewed generally by human resources and their corporate counterpart.
>
> Q: Okay. And did you ever make a recommendation to HR or their corporate counterpart for the discipline of a particular employee?
>
> A: A recommendation?
>
> Q: Yes.
>
> A: I was involved in discussions.
>
> Q: Okay. Any of those discussions concerning Mr. Green?
>
> A: Yes.

(Doc. 73 at 55–57). Weltzin was not asked specifically about an audit.[4] Accordingly, Weltzin's affidavit does not directly conflict with his deposition testimony, and the Court declines to strike Weltzin's affidavit on this ground.

---

[4] Plaintiff claims that Weltzin denied any additional conversations relating to Plaintiff's discipline (beyond those related to Department of Transportation regulations and the individual Plaintiff put in charge of supervising drivers). However, Weltzin did testify "I think there was some discussion—I don't know how it ended up—with regard to a task list that had been created prior to my involvement with BakeMark." (*Id.* at 61).

7

### D. Ultimate Issues of Fact

Finally, Plaintiff seeks to strike the affidavits of Mark Phillips and Steve Weltzin to the extent they address ultimate issues of fact. "It is well settled that courts should disregard conclusions of law (or 'ultimate fact') found in affidavits submitted for summary judgment." *Harrah's Entm't Inc. v. Ace Am. Ins. Co.*, 100 Fed. App'x 387, 394 (6th Cir. 2004).

In their affidavits, Phillips and Weltzin assert that Plaintiff was not placed on an action plan or otherwise disciplined as a result of the leaves of absence he took in connection with his disability. (Doc. 93-2 at ¶¶ 10, 14; Doc. 93-4 at ¶ 9). Each of the affiants has managerial positions within the company, and, in this instance, has knowledge of the business reasons for the employment decision. Therefore, with respect to the comments at issue, the affiants properly established that their testimony is based on personal knowledge through firsthand observations and specific experiences. Opinions and inferences based upon personal knowledge of specific facts are appropriate in a Rule 56 affidavit. *Loadman Grp., L.L.C. v. Banco Popular N. Am.*, No. 4:10CV1759LIO, 2013 WL 1154528, at *3 (N.D. Ohio Mar. 19, 2013 (citing *Buchanan v. City of Bolivar,* 99 F.3d 1352, 1355 n. 2 (6th Cir. 1996)).[5]

---

[5] *See also* Fed. R. Evid. 701 (permitting opinion testimony from a lay witness if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702).

## IV. CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff's motion to strike (Doc. 96) is **GRANTED in part and DENIED in part** (as set forth in this Order).

**IT IS SO ORDERED.**

Date:  1/20/16                                                                                    *s/ Timothy S. Black*
                                                                                                           Timothy S. Black
                                                                                                           United States District Judge